UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAINE W. SELL,
   Plaintiff,

            No. 1-08-cv-460

-v-

            HONORABLE PAUL L. MALONEY
            HONORABLE JOSEPH G. SCOVILLE

CHASE BANK J.P. MORGAN and
DAVID LIN,
   Defendants.

ORDER ACCEPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the Court on Report and Recommendation (Dkt. No. 4) and Objections (Dkt. No. 5).

Plaintiff Blaine Sell, proceeding *pro se*, filed a complaint against Defendant J.P. Morgan Chase and Defendant David Lin.  Plaintiff was granted leave to proceed *in forma pauperis.*  The Magistrate Judge reviewed the complaint and recommends dismissing the action for failure to state a claim.  Plaintiff Sell timely filed a set of documents this Court will treat as his objection.  (Dkt. No. 5.)

LEGAL FRAMEWORK

After being served with a Report and Recommendation issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

Plaintiff Sell filed this action on May 19, 2008. The complaint is not a model of clarity. It appears Plaintiff was overdrawn on an account with Defendant JP Morgan as a result of cash withdrawals from an ATM. Plaintiff alleges Defendant JP Morgan closed his account and demanded $444.00. Plaintiff did not pay the amount and late fees were assessed, bringing the total owed to $978.00. Plaintiff alleges he then sued Defendant in small claims court. Defendant removed the small claims action to the state district court. Plaintiff apparently missed a scheduled pretrial conference because he was in Washington D.C. on behalf of his corporation, Superior Heavenly Weightwalking. Because he missed the pretrial conference, the state district court entered default against him. Plaintiff alleges he filed a motion to set aside the default on May 13, 2008.

The Report and Recommendation identifies three flaws in the complaint. First, because Plaintiff is not an attorney, he cannot represent his corporation. Second, Defendant Lin never represented Plaintiff, rather he represented Defendant J.P. Morgan. Third, federal courts do not

possess direct oversight power over Michigan state courts and therefore this Court lacks jurisdiction over Plaintiff's claims related to his state lawsuit.

Plaintiff's response is less coherent than his complaint. Plaintiff filed sixty-three pages of typed and handwritten materials. Many of the pages are forms which have no relevance to this action and do not respond to any portion of the Report and Recommendation. For example, pages four and six are Certificates of Good Standing for the United States Court of Appeals.[1] (Dkt. No. 5-2.) Page seven is a Notice of Appeal form for appealing a federal district court judgment or order to a federal circuit court. From the handwritten information filled in by Plaintiff, it appears he seeks to appeal both this case as well as his state court action to the United States Supreme Court. Many of the documents submitted appear to be the documents Plaintiff submitted to the state court in an attempt to have his default set aside. For example, on page 13, Plaintiff's motion to set aside default, Plaintiff alleges, to the state court, that he had been misled by Defendant into believing they had agreed to a $400.00 settlement of his account. Plaintiff attaches several emails from Defendants, *see e.g.* Dkt. No. 5-3 at 1, and letters, *see e.g.* Dkt. No. 5-3 at 3. Plaintiff's objection includes a motion titled "Demand and Order to File Briefs and Pleadings." (Dkt. No. 5-2 at 30.) The motion reiterates the factual background and lists a number of federal statutes which might be implicated by Defendants' actions. (Dkt. No. 5-2 at 32). Since filing his "objection," Plaintiff has filed an additional 30 motions. None of those motions are an attempt to amend the complaint.

Plaintiff Sell's objections are **DENIED.** Plaintiff has not established this Court has jurisdiction over his claim. As best this Court can determine, Plaintiff is dissatisfied with the way

---

[1] Plaintiff did not number the pages. This Court references the page numbers automatically generated in the CM-ECF title at the top of each page.

his state court claim is proceeding, so he filed a claim here. The complaint alleges the same arguments presented in Plaintiff's motion to set aside the judgment in state court and is either an attempt to remove the underlying state court claim to federal court or is a collateral attack on his default. Neither purpose is appropriate here. Assuming Plaintiff had a claim which could have been brought in federal court, Plaintiff, as the master of his complaint, had the prerogative to select either the state or federal forum for his suit. There is no legal basis at this point for Plaintiff to either remove his suit or bring the same or related claims to federal court. As was explained in the Report and Recommendation, and has not been addressed by Plaintiff, "it is patent that this court lacks jurisdiction to review the state-court decision plaintiff is attempting to challenge through this lawsuit." (R&R at 4.)

CONCLUSION

The Report and Recommendation (Dkt. No. 4) is **ACCEPTED OVER OBJECTIONS.** The complaint is **DISMISSED.** The pending motions are **DENIED AS MOOT. IT IS SO ORDERED.**

Date: January 12, 2009 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge